STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS.
CLERK'S OFFICE

SEP 19   2 38 PM '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-470

NM — CUM — 9/19/2000

ALFRED J. WAXLER,

    Plaintiff

  vs.

CENTRAL MAINE POWER CO.,

    Defendant

ORDER ON DEFENDANT'S
MOTION TO DISMISS

The defendant filed its motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) on 3/15/00. The defendant also filed the affidavit of Paul W. DuPerre with attachments and relevant sections of the Electrical Code for the City of Portland. In his opposition filed 4/5/00, the plaintiff argued correctly that the defendant's motion was, in fact, a motion for summary judgment.[1] Accordingly, the plaintiff filed his affidavit and other exhibits. On 4/13/00, the defendant filed it's reply to the plaintiff's opposition, a motion to strike the Waxler affidavit, and a statement of material facts[2]. The plaintiff filed his opposition to the defendant's motion to strike the plaintiff's affidavit and moved the court to recognize the plaintiff as an expert on manufactured housing, installation, and real estate property management.

---

[1]The defendant is not correct that "the evidence contained within it's Motion to Dismiss was contained in the pleadings." For example, in his complaint, the plaintiff does not mention the 8/19/97 letter to CMP from Michael A. Collins, Chief Electrical Inspector for the City of Portland.

[2]Even though the plaintiff filed no statement of disputed facts, the court has considered all of the parties' submissions to determine whether there is a genuine issue of material fact to be tried. See M.R. Civ. P. 7(d)(1) &(2).

In his amended complaint, the plaintiff alleges breach of statutory obligation to provide electric service, negligence, and conversion by wrongful interference. In his opposition to the defendant's motion, the plaintiff argues that Count II should survive the motion and is a valid cause of action. Accordingly, the court focuses on Count II, Negligence.

It is not necessary to determine whether Mr. Waxler is an expert in the areas outlined. As in Windsor Hotel Co. v. Central Maine Power Co., the issue in this case is whether Central Maine Power was negligent in terminating power to the plaintiff's property and in not reconnecting power to that property. The issue is not whether the City of Portland's electrical inspector made incorrect decisions regarding the plaintiff's power, which Central Maine Power should have investigated. See Windsor Hotel Co. v. Central Maine Power Co., 250 A.2d 194, 197-98 (Me. 1969). There is no dispute on this record that the City of Portland's Chief Electrical Inspector ordered the disconnection of electrical service to the plaintiff's property by letter to Central Maine Power dated 8/19/97 and the Chief Electrical Inspector has never authorized reconnection of that power. See Tabs A & B, attached to DuPerre Affidavit; Tab B attached to Waxler Affidavit. Pursuant to the City of Portland's Electrical Code, the electrical inspector is authorized to place a stop order for electrical service and the stop order may not be removed without the electrical inspector's authorization. See Defendant's Exhibit 2, §6-71(a) & (b); see also 30-A M.R.S.A. § 4171 (1997).

2

The entry is

    The Defendant's Motion for Summary Judgment is
    GRANTED. Judgement is entered in favor of the
    Defendant and against the Plaintiff on Counts I, II and III
    of the Plaintiff's Amended Complaint.

    The Motion to Strike Affidavit of Plaintiff Alfred Waxler
    is MOOT.

    The Plaintiff's Motion for Court to Recognize Alfred
    Waxler as an Expert is MOOT.

Dated: September 16, 2000

_____
Nancy Mills
Justice, Superior Court

CUM-CV-99-470

Date Filed ___8-16-99___ ___Cumberland___ Docket No. ___CV99-470___

County

Action ___Damages___

DONALD L. GARBREG
LAW LIBRARY

OCT 11 2000

Alfred Waxler                                    Central Maine Power

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ~~Alfred Waxler, Pro Se~~    773-5853<br>PO Box 6681<br>Portland, ME 04103<br><br>Temporary Address<br>~~ALFRED WAXLER, PRO SE    727-368-0256~~<br>~~PO BOX 66103, ST. PETE BEACH FL  337~~36 | R. SCOTT MAHONEY, ESQ.  621-3955<br>83 EDISON DRIVE<br>AUGUSTA, MAINE  04336 |

|  | GERALD PETRUCCELLI ESQ |
|---|---|
| Date of<br>Entry | PO BOX 9733 PM 04104-5033<br>775-0200 |

| Date of Entry | |
|---|---|
| 1999<br>August 16 | Received 8-16-99.<br>Summary sheet filed.<br>Complaint filed. |
| Sept. 21 | Received 9.20.99:<br>Plaintiff's Amended Complaint filed. |
| Nov. 12 | Received 11-10-99.<br>Notice and acknowledgement of Receipt of Summons and Complaint filed<br>showing service on defendant of summons and amended complaint on 11-9-99 to<br>R. Scott Mahoney, Esq. |
| Dec/ 02 | Received 12.02.99:<br>Defendant's Notification of Discovery Service filed.<br>Defendant Central Maine Power Company's First set of interrogatories<br>to the plaintiff; and Defendant Central Maine Power Company's first set<br>of request for documents propounded upon the plaintiff served on A.J.<br>Waxler, pro se plaintiff on 11.24.99. |
| Dec. 03 | Received 12/02/99:<br>Answer of Defendant Central Maine Power Company filed. |
| Dec. 14 | Received 12/14/99:<br>Scheduling Order filed.  (Mills, J.)<br>The entry will be:  "Scheduling Order filed.  Discovery deadline is 9/1/00.<br>On 12/14/99 copy mailed to R. Scott Mahoney Esq. and Alfred Waxler, Pro<br>Se. at Po Box 6681, Portland Me 04103 |
| 2000<br>Jan. 03 | Received 01.03.00:<br>$300.00 Jury fee paid. |
| "      " | Plaintiff's request for Trial by Jury filed. |
| "      " | Letter from Plaintiff regarding temporary change of address, PO BOX  66103<br>ST. PETE BEACH, FL  33736. |